# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

JOHN DOE                                                CIVIL  ACTION

 VERSUS                                                 NO. 26-35-SDD-SDJ

BOARD OF SUPERVISORS OF

LOUISIANA STATE UNIVERSITY

AND A&M COLLEGE

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, comes plaintiff, herein referred to as "John Doe", through undersigned counsel of Balfour Emonet Law Firm, who respectfully submits this Response to Defendant's Memorandum in Support of Cross Motion for Summary Judgment and Opposition to plaintiff's Motion for Summary Judgment to this Honorable Court pursuant to Federal Rules of Civil Procedure 56.[1]

The matter is before the Court on cross-motions for summary judgment. plaintiff seeks summary judgment declaring that LSU's process under PM-73, as applied, violated his procedural due process rights, and requests injunctive relief enjoining enforcement of the suspension and related sanctions. defendant opposes, contending that plaintiff received all process due under the law. This memorandum addresses the deficiencies in defendant's arguments and demonstrates that the undisputed facts establish violations of plaintiff's constitutional rights, warranting summary judgment and injunctive relief in plaintiff's favor.

---

[1] Fed. R. Civ. P. 56.

## I.  BACKGROUND

Plaintiff is an undergraduate student at Louisiana State University ("LSU") who, during the relevant period, was involved in a consensual romantic relationship with another LSU student, referred to as TM. In July 2024, after the relationship ended, TM accessed plaintiff's electronic devices and cloud accounts using credentials obtained during their relationship, without plaintiff's knowledge. TM retrieved copies of consensual recordings of their sexual encounters and reported to law enforcement that plaintiff had recorded these encounters without her consent. Plaintiff was arrested on allegations of video voyeurism, but after investigation, the charges were dismissed and no-billed by the District Attorney's Office, with no further criminal action taken.

Subsequently, TM filed a complaint with LSU's Office of Title IX. LSU officials, including Office of Title IX employee(s) and representatives, initiated disciplinary proceedings against plaintiff, characterizing the allegations as "sexual exploitation." However, the defendant-university proceeded under PM-73 rather than Title IX, as the alleged conduct occurred off-campus and outside the jurisdictional scope of Title IX as asserted in plaintiff's Memorandum in Support of Motion for Summary Judgment. LSU's Office of Title IX knowingly lacked jurisdiction over the original complaint proceeding to utilize and assert unconstitutional government authority over plaintiff jeopardizing and causing irreparable harm to his constitutional rights.

## II.  ARGUMENT

## A.  DEFENDANT NON-OPPOSITION TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT

There is no genuine issue of material fact as defendant lacked jurisdiction over the alleged sexual misconduct complaint which defendant failed to address in response to plaintiff's Motion for Summary Judgment in plaintiff's favor. Defendant's failure to address this fundamental issue

constitutes a non-opposition to plaintiff's motion. Thus, the Court must find in favor of plaintiff in his Motion for Summary Judgment.

Defendant fails to address that its Title IX office has *any* jurisdiction to hear the alleged sexual misconduct compliant much less make a determination that gravely impacts plaintiff's constitutionally protected educational and reputational interests. Defendant's assertions that its disciplinary determination is merely "lacking in wisdom or compassion" are mischaracterized and misleading to this Court and must be ignored.[2] Lack of jurisdiction fundamentally represents an arbitrary exercise of government power in which due process requires that the government entity has the specific power to decide the material issue of the case. In this matter, to properly effectuate the Due Process, jurisdiction is required which is absent in this instant case. The alleged conduct was occurring off campus and not at a sponsored campus activity. Defendant only has jurisdictions under the expansive PM-73 and not Title IX.  The conduct as defined by defendant, however, is not the class of alleged offence that should allow defendant to assert Jurisdiction off school grounds. In deviating from the jurisdictional limits of PM-73, plaintiff was denied Due Process.

## B. SUBSTANTIVE DUE PROCESS IN UNIVERSITY DISCIPLINARY PROCEEDINGS

The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law.[3] Substantive due process protects individuals from arbitrary government action, regardless of the procedures used. The Due Process Clause protects individual's liberty interest from being subject to the binding judgments of a forum with which the forum has no jurisdiction.[4] In the context of university disciplinary actions, courts have held that

---

[2] *Plummer vs. Univ. of Houston*, 860 F.3d 767, 773 (5th Cir. 2017).
[3] 14 U.S.C.S. § 1.
[4] *Id*.

a substantive due process violation occurs only if the university's action is arbitrary, capricious, or wholly unrelated to a legitimate state goal, or if it shocks the conscience.[5] Courts recognize that students have a property interest in their continued enrollment at a public university and a liberty interest in their reputation and educational opportunities.[6]

In this case, plaintiff continues to assert his constitutional Due Process rights were violated by Defendant's conduct by improperly subjecting him to a disciplinary action without jurisdiction or meaningful cross examination. LSU's disciplinary process under PM-73, as applied to plaintiff, failed to meet the constitutional requirements of procedural due process. The process was deficient in several critical respects: (1) plaintiff did not receive timely and clear notice of the charges, undermining his ability to prepare a defense; (2) plaintiff was denied the right to fully cross-examine adverse witnesses, even though credibility was central to the outcome; (3) the process commingled investigative, prosecutorial, and adjudicative functions, creating a risk of bias and lack of impartiality; and (4) plaintiff was denied meaningful appeal or judicial review. These deficiencies, individually and collectively, deprived plaintiff of a fundamentally fair process as required by the Fourteenth Amendment.[7]

Defendant's reliance on prior *Doe* case law of Judge Jackson's is misplaced and must be ignored as the facts here present more egregious procedural defects than those previously considered, the procedural facts are materially different than this case, and a preliminary injunction ruling is not a final adjudication on the merits.[8] The prior *Doe* case differentiates itself most critically in the plaintiff had participated in a full evidentiary hearing where credibility determinations became dispositive. The constitutional adequacy of procedures must be evaluated

---

[5] *Rossomando v. Bd. of Regents*, 2 F. Supp. 2d 1223, 1228 (D. Neb. 1998).
[6] *Gischel v. Univ. of Cincinnati*, 302 F. Supp. 3d 961, 976 (S.D. Ohio 2018).
[7] *Id*.
[8] *John Doe v. Louisiana State University*, 2020 WL 4193473 (M.D. La. 2020) (not reported in Fed Supp).

based on the specifics of *this* case, not merely generalized references to another matter entirely. Plaintiff's subjection to unconstitutional disciplinary process effecting constitutionally protected interests, *eg.* education, resulting in a suspension has caused and continues to cause irreparable harm, justifying summary judgment and injunctive relief.

Despite Defendant's interpretation of the rulings in *Zinermon* and *Ridgely* that a due process violation by a state actor regarding a constitutionally protected interest fails to be unconstitutional on its face, plaintiff has adequately asserted a procedural due process claim.[9] plaintiff asserts a property interest in his educational and name, image, and likeness interests and asserts defendant has created a constitutionally deficient disciplinary process procedures with unconstitutional procedures.[10]

To prevail on a substantive due process claim, Plaintiff must demonstrate that LSU's actions were not merely procedurally deficient, but so arbitrary and egregious as to constitute an abuse of government power. The entire disciplinary process experienced by the plaintiff constituted an unjustified violation of the Constitution. Defendant, a government entity, asserted excessive powers in this case to disproportionately strip plaintiff of his constitutional rights to liberty and property.[11] The office of Title IX far exceeded rational conduct when it received second-hand allegations relayed from East Baton Rouge Parish Sherriff's Office to LSU Police Department and then finally to the LSU Title IX Office. Defendant knowingly continued in its investigation and disciplinary action despite all related criminal charges being dismissed. This is undoubtedly a substantive due process violation. The Supreme Court and Fifth Circuit have recognized that, while universities have broad discretion in academic and disciplinary matters, this discretion is not

---

[9] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[10] *Gischel*, 302 F. Supp. 3d 961, 976 (S.D. Ohio 2018).
[11] 14 U.S.C.S. § 1.

unlimited. If the process is so lacking in fundamental fairness, impartiality, or rational basis as to be arbitrary or conscience-shocking, substantive due process is violated.[12]

## C.  DEFENDANT'S ARBITRARY AND CAPRICIOUS CONDUCT

To set aside a university disciplinary decision that is unreasonable or irrational, such as the suspension in this case, a court may utilize the arbitrary and capricious standard of review. This standard invalidates decisions if the decisions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.[13] Substantive due process is violated when a state actor's conduct is arbitrary, capricious, or wholly unrelated to a legitimate governmental objective.[14]

Federal courts have consistently held that disciplinary actions must be supported by substantial evidence and have a rational basis.[15] In this case, plaintiff alleges that LSU's disciplinary process under PM-73 was initiated and conducted without a rational basis for jurisdiction, as the alleged conduct did not fall within the scope of Title IX or PM-73's jurisdictional requirements. The university's decision to proceed under PM-73, despite the lack of jurisdictional nexus, and to consolidate multiple complaints arising from the same conduct, raises serious questions as to whether the process was grounded in substantial evidence or rational justification. Notably, plaintiff was criminally investigated for said conduct resulting in all charges dismissed. Defendant's conduct to proceed in and determine a violation for such alleged sexual misconduct is arbitrary and capricious.

---

[12] *Fenje v. Feld*, 301 F. Supp. 2d 781, 801 (N.D. Ill. 2003).
[13] *Boothe v. Roofing Supply, Inc.*, 39122 ( La. App. 2 Cir 01/20/05), 893 So. 2d 123, 127.
[14] *Riggan v. Midland Indep. Sch. Dist.*, 86 F. Supp. 2d 647, 659 (W.D. Tex. 2000).
[15] *Speake v. Grantham*, 317 F. Supp. 1253, 1281 (S.D. Miss. 1970); *Riggan*, 86 F. Supp. 2d 647, 659 (W.D. Tex. 2000).

Plaintiff asserts that defendant's conduct was arbitrary and egregious in its many actions including commingling of investigative, prosecutorial, and adjudicative functions; denial of meaningful opportunity to confront and cross-examine witnesses; and the lack of transparency in its panel selection. While courts are reluctant to interfere with university disciplinary processes, they are not precluded from interfering if substantive due process is violated where the process is so fundamentally unfair or irrational as to amount to an abuse of power.[16]

### D. COMMINGLING OF INVESTIGATIVE, PROSECUTORIAL, AND ADJUDICATIVE FUNCTIONS

The Supreme Court has recognized that the combination of investigative and adjudicative functions does not, by itself, violate due process, but a due process violation may arise if the risk of unfairness is intolerably high under the circumstances.[17] plaintiff asserts that LSU's Office of Civil Rights and Title IX acted as investigator, prosecutor, legal advisor, and decision-maker, with the hearing panel and appeal reviewer both selected by LSU officials. This commingling of functions, without adequate safeguards for impartiality or transparency, supports a finding that the process was arbitrary and capricious, particularly where the risk of bias or unfairness is heightened.[18] This unilateral self-imposed authority and power dangerously effectuates an individual's ability to challenge any procedures and processes enforced against themselves. Such lack of equalized parameters and true safeguards in place contribute to plaintiff's contentions to the unconstitutionality of the disciplinary process and its procedures at issue.

Additionally, defendant has failed to address two critical issues in its Cross Motion for Summary Judgment. The issues of whether the hearing panel drew adverse inferences selectively

---

[16] *Fenje*, 301 F. Supp. 2d 781, 801 (N.D. Ill. 2003).
[17] *In re Marcone*, 395 F. App'x 807, 810 (3d Cir. 2010).
[18] *Id*.

and whether the panel relied upon untested assertions. This omission supports plaintiff's assertions of unconstitutional conduct by failure to provide an impartial decision maker in his disciplinary proceeding which is fundamental due process protections. Due process requires that adjudicators, such as the hearing-panelist in this case, must not only be free from actual bias but also avoid situations that create a high probability of bias. Defendant's failure to address this issue leaves unchallenged plaintiff's assertion that the panel's selective inferences undermined the fairness of the proceeding. The reliance on untested assertions by the hearing panel further undermines the integrity of the disciplinary process. Due process requires that parties be afforded a meaningful opportunity to present and rebut evidence. Defendant's omission of this issue in its motion implies a concession that the panel's reliance on untested assertions was procedurally improper and prejudicial to plaintiff. The combination of these issues directly supports plaintiff's claim that the hearing panel failed to provide an unbiased decision-maker, failing due process constitutional standards.

**E. DENIAL OF MEANINGFUL OPPORTUNITY TO BE HEARD, APPEAL, OR JUDICIAL REVIEW**

In due process, the "opportunity to be heard" is a constitutional minimum.[19] This is not a universal standard which can be uniformly applied to every case but rather a difficult determination in which each case lens of an opportunity to be heard must be made clear. Notably, the Supreme Court has declined to set a universal rule and instead instructs lower courts to consider the parties' competing interests.[20] The Supreme Court has repeatedly emphasized that procedural due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner".[21] The

---

[19] *Grannis v. Ordean*, 234 U.S. 385, 394 (1914).
[20] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Goss v. Lopez*, 419 U.S. 565, 579 (1975).
[21] *Mathews*, 424 U.S. 319, 333 (1976).

Sixth Circuit, in response to and consistent with this command, has made two things clear: (1) if a student is accused of misconduct, the university must hold some sort of hearing before imposing a sanction as serious as expulsion or suspension, and (2) when the university's determination turns on the credibility of the accuser, the accused, or witnesses, that hearing must include an opportunity for cross-examination.[22]

Defendant contends a multitude of procedural events occurred throughout its disciplinary process yet utterly fails to provide plaintiff with any meaningful opportunity to be heard in his disciplinary process. Defendant continuously cites to notices, interviews, preliminary reports, hearing dates, and appeals throughout his Cross Motion for Summary Judgment. However, such procedural events lack constitutional due process compliance as plaintiff was continuously refused an opportunity to adequately defend against the allegations in the denial of his right to cross-examine witnesses and subpoena his own witnesses. In *Univ. of Cincinnati,* the court reasoned that due process requires cross-examination in circumstances like sexual misconduct to uncover the truth as it is "the greatest legal engine ever invented."[23] In this case, Defendant's non-compliance in allowing a meaningful opportunity and meaningful manner in which to cross-examine the complainant- witness denied plaintiff a meaningful opportunity to challenge any evidence utilized to determine his educational status resulting in his suspension. Defendant fails to address which questions witnesses refused to answer or whether the refusals involved material issues comporting to aid in plaintiff's assertion that defendant has failed to conduct his disciplinary process in constitutional compliance.

---

[22] *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018); *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399–402 (6th Cir. 2017); *Flaim v. Med. College of Ohio*, 418 F.3d 629, 641 (6th Cir. 2005).
[23] *Univ. of Cincinnati*, 872 F.3d 393, 401–402 (6th Cir. 2017).

A hearing, including a public university disciplinary hearing, that prevents effective questioning, restricts confrontation, ignores exculpatory evidence, or permits witnesses to evade material questions cannot be constitutionally adequate simply because it occurred. This deprivation not only deprived plaintiff of his constitutional right but also the fact-finder an opportunity to assess the witness's credibility through means of observing her demeanor, answers or omissions, or overall disposition. When faced with competing narratives, such as in this case, a university must facilitate cross-examination, in some form, to satisfy due process.[24]

Additionally, procedural due process requires that a student facing disciplinary charges be given notice of the charges and a reasonable opportunity to present their side of the story to a neutral decisionmaker.[25] In this case, there was no neutral decision maker as the complaint was filed by a Title IX officer and heard by a panel comprised of Title IX representatives. The appeals process consisted of an additional LSU Title IX officer reviewing the decision of his peers. plaintiff asserts that he was denied the right to subpoena witnesses or meaningfully cross-examine adverse witnesses, and that the complainant was permitted to refuse to answer questions without adverse inference. The lack of meaningful opportunity to confront and challenge the evidence against him, especially where credibility was central, further demonstrates the arbitrary and capricious nature of the proceedings.[26]

Moreover, defendant fails to address whether the disciplinary hearing was meaningful in his Cross Motion for Summary Judgment rather continuously 'goes through the motions' without meaningful execution of the hearing. LSU's hearing relied heavily upon a witness who refused to

---

[24] *Id*. at 402.
[25] *Carboni v. Meldrum*, 949 F. Supp. 427, 437 (W.D. Va. 1996); *Doe v. Univ. of Ark. - Fayetteville*, 974 F.3d 858, 866 (8th Cir. 2020).
[26] *Speake*, 317 F. Supp. 1253, 1281 (S.D. Miss. 1970); *Riggan*, 86 F. Supp. 2d 647, 659 (W.D. Tex. 2000).

answer material questions. In proceedings, such as a sexual misconduct, which turn on witness credibility, the ability to probe inconsistencies and challenge testimony is a critical and constitutional right, one in which plaintiff was deprived in this case. Defendant fails to address whether plaintiff's advisor was restricted from questioning or acting in the best interest of plaintiff as the advisor is another defendant agent employed by LSU. These factors heavily affect and deprive the plaintiff of a meaningful hearing in this case.

The appeal process afforded to plaintiff provided only an internal appeal to an LSU-selected reviewer, with no further review or judicial appeal. The absence of meaningful appeal or judicial review, particularly where the initial process was deficient, compounds the arbitrary and capricious character of the disciplinary action.[27] Defendant's conduct and excessively bias disciplinary process in this case is undoubtedly unconstitutional, violating plaintiff's due process rights.

### III. CONCLUSION

**IN CONCLUSION**, plaintiff asserts he was relentlessly denied his constitutional Due Process rights, procedurally and substantively. Defendant's assertions that plaintiff cannot prove this constitutional denial is inaccurate and misleading.

**WHEREFORE**, for the foregoing reasons, plaintiff, **JOHN DOE**, respectfully requests that this Honorable Court grant Summary Judgment in his favor, declare that the disciplinary process employed by defendant, Louisiana State University, under PM-73, as applied to plaintiff, violated his procedural due process rights under the United States and Louisiana Constitutions,

---

[27] *Id.*

and issue an order enjoining the enforcement of Defendant's suspension, all related sanctions, and any further proceedings based on the challenged process. Plaintiff prays this Honorable Court deny Defendant's Cross Motion for Summary Judgment and in Opposition of Plaintiff's Motion for Summary Judgment. Plaintiff further requests that the Court grant such other and further relief as may be just and equitable under the circumstances.

Respectfully submitted,

**BALFOUR EMONET LAW FIRM**

***/s/ Philip J. House***

PHILIP J. HOUSE
La. Bar No. 28934
318 St. Charles Street
Baton Rouge, Louisiana 70802
(225) 214-4484 (Telephone)
(225) 214-4487 (Facsimile)
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the Middle District of Louisiana United States District Court on May 26, 2026, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

***/s/ Philip J. House***

**Philip J. House**